**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4337

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PAUL ANTHONY MARTIN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:20-cr-00291-LCB-1)

Submitted:  February 28, 2023                    Decided:  March 14, 2023

Before THACKER, Circuit Judge, and TRAXLER and MOTZ, Senior Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  J. Clark Fischer, Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Margaret M. Reece, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Anthony Martin, Jr., pled guilty to possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The charge arose after Winston-Salem, North Carolina, police officers conducted a *Terry*[*] stop of the black Dodge Charger that Martin was driving and recovered two bullets from Martin's pants pocket. Martin moved to suppress the bullets as evidence, arguing that they were the fruit of an unlawful seizure. The district court denied the motion, and Martin subsequently entered his guilty plea, preserving the right to challenge the court's denial of his motion to suppress. The district court sentenced Martin to 57 months' imprisonment. On appeal, Martin contends that the court erred in denying his motion to suppress because the officers lacked reasonable, articulable suspicion to justify the stop. We affirm.

"When reviewing a district court's ruling on a motion to suppress, [we] review[] conclusions of law de novo and underlying factual findings for clear error." *United States v. Fall*, 955 F.3d 363, 369-70 (4th Cir. 2020) (cleaned up). "If, as here, the district court denied the motion to suppress, [we] construe[] the evidence in the light most favorable to the government." *Id.* at 370 (cleaned up).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "An officer executes a lawful investigatory stop when [he] has reasonable, articulable suspicion that criminal activity may be afoot." *United States v.*

---

[*] *Terry v. Ohio*, 392 U.S. 1 (1968).

*Gist-Davis*, 41 F.4th 259, 263 (4th Cir. 2022) (internal quotation marks omitted); *see Terry*, 392 U.S. at 30.  The officer must have "at least a minimal level of objective justification," *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000), meaning that he "must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity," *id.* at 123-24 (internal quotation marks omitted).  Courts assess whether an officer has articulated reasonable suspicion for a stop under "the totality of the circumstances," giving "due weight to common sense judgments reached by officers in light of their experience and training." *United States v. Perkins*, 363 F.3d 317, 321 (4th Cir. 2004).  Once officers are authorized to conduct a brief *Terry* stop, they are similarly authorized to "conduct a protective search of, *i.e.*, frisk," the individual "if the officer has a reasonable fear for his own and others' safety." *United States v. Holmes*, 376 F.3d 270, 275 (4th Cir. 2004) (internal quotation marks omitted).

Here, the responding officers testified that a witness reported that a Qushawn Reeves fled the scene of a shooting in a black Dodge Charger.  One of the officers knew a Qushawn Reid and believed this was the person identified by the witness.  Officers began looking for vehicles matching the witness's description.  Martin was driving a black Dodge Charger, and when he turned onto a road in front of two officers, the officers ran the vehicle's registration.  The registration of the vehicle Martin was driving was the same as a black Dodge Charger that had previously been linked to Reid.  Martin drove the Charger to an address that officers knew Reid frequented.  Further, Reid was known to the officers as someone potentially involved in prior shootings in the area.  Based on their training and expertise, the officers believed  the shooting was likely gang-related and  knew that Reid

3

was associated with the suspect gang.  The district court found that the officers had reasonable, articulable suspicion that Reid was involved in the shooting and denied Martin's motion to suppress.  Considering the totality of the circumstances, we agree with the district court's assessment.  *See Perkins*, 363 F.3d at 321.  The subsequent frisk of Martin was justified by his statement to a responding officer that he had two bullets in his pocket and because of the vehicle's suspected involvement in the shooting.

Therefore, because the district court did not err in denying Martin's motion to suppress, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*